UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Thomas Wayne Evenstad,

    Plaintiff,

v.

Richard Walton Stanek, SERT Deputy
Marshall, SERT Deputy Kasparek,
Stuart Evan Shapiro, John Does 1–10,
Jane Does 1–5, Hennepin County Sheriff's
Office, Hennepin County,

    Defendants.

File No. 19-cv-2034 (ECT/ECW)

**ORDER ACCEPTING REPORT
AND RECOMMENDATION**

---

The Court has received the October 9, 2019 Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright. ECF No. 4. No party has objected to that Report and Recommendation, and the Court therefore reviews it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

On July 30, 2019, Evenstad filed his complaint along with an application to proceed *in forma pauperis* ("IFP"). ECF No. 1; ECF No. 2. On September 3, 2019, Magistrate Judge Wright issued an order deferring determination of Evenstad's IFP application and directing Evenstad to submit the financial information required to calculate his initial partial filing fee pursuant to 28 U.S.C. § 1915(b). ECF No. 4 at 2–3. Magistrate Judge Wright's order warned that "[f]ailure to submit the required financial information within 20 days of this order will result in a recommendation that this matter be dismissed without

prejudice for failure to prosecute." *Id.* at 3. Evenstad has not submitted any of the required financial information detailed in the September 3 Order.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Sua sponte dismissal for lack of prosecution is an "inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31 (internal quotation marks omitted). "[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633. Here, Magistrate Judge Wright's September 3 Order notified Evenstad of the deficiencies in his IFP application, gave Evenstad time to cure those deficiencies, and warned that failure to cure would result in a recommendation to dismiss the complaint for failure to prosecute. Evenstad has not submitted the required financial information.

Accordingly, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation [ECF No. 4] is **ACCEPTED**;

2. This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 6, 2019         s/ Eric C. Tostrud
                                Eric C. Tostrud
                                United States District Court

2